```
IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**MELISSA WILSON,**

    **Plaintiff,**

**v.**                                **//   CIVIL ACTION NO. 1:15CV18**
                                                        (Judge Keeley)

**UNITED STATES DEPARTMENT OF JUSTICE,**
**UNITED STATES OF AMERICA,**

    **Defendants.**

**MEMORANDUM OPINION AND ORDER GRANTING**
**DEFENDANTS' MOTION TO DISMISS [DKT. NO. 9]**

Pending before the Court is the motion to dismiss (dkt. no. 9) filed by the defendants, the United States of America ("United States") and the United States Department of Justice, Federal Bureau of Prisons ("BOP"). For the reasons that follow, the Court **GRANTS** the motion.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

This case arises out of alleged actions by several employees of the BOP, all of whom worked at the United States Penitentiary Hazelton ("USP Hazelton"). Wilson originally sued those employees by name, but the Court previously entered an Order substituting the United States as a defendant pursuant to 28 U.S.C. § 2679(d)(2). (Dkt. No. 18).

A detailed account of the factual and procedural background of this case can be found in the Court's Memorandum Opinion and Order dated February 29, 2016 (dkt. no. 18), and will not be repeated here.

**MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANTS' MOTION TO DISMISS [DKT. NO. 9]**

The only item remaining for the Court's consideration is the defendants' motion to dismiss (dkt. no. 9). On February 29, 2016, the Court entered a Memorandum Opinion and Order in which, among other things, it granted Wilson an extension of time until March 14, 2016 to respond to the defendant's motion to dismiss (dkt. no. 18). Wilson never filed a response. The motion to dismiss therefore is fully briefed and ripe for review.

## II. STANDARD OF REVIEW

In reviewing the sufficiency of a complaint, a district court "'must accept as true all of the factual allegations contained in the complaint.'" <u>Anderson v. Sara Lee Corp.</u>, 508 F.3d 181, 188 (4th Cir. 2007) (quoting <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007)). However, while a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). Indeed, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986). In considering whether the facts alleged are sufficient, "a complaint must contain 'enough facts to state a

claim to relief that is plausible on its face.' " Anderson, 508 F.3d at 188 (quoting Twombly, 550 U.S. at 547).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). "But in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)," so long as "all facts necessary to the affirmative defense 'clearly appear[] on the face of the complaint.' " Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (quoting Richmond, Fredericksburg & Potomac R.R. v. Forst, 4 F.3d 244, 250 (4th Cir. 1993)).

### III. DISCUSSION

The motion to dismiss by the United States asserts three bases warranting dismissal of Wilson's complaint. It first contends that Wilson's state law deliberate intent claim is preempted by federal law, thus depriving the Court of subject matter jurisdiction to hear that claim. Second, it argues that Wilson's discrimination claims fail because her claims are preempted by Title VII, she

3

failed to exhaust her administrative remedies, and she has failed to adequately plead her discrimination claim under Fed. R. Civ. P. 12(b)(6). Finally, the defendants argue that, as a matter of law, Wilson is not entitled to punitive damages.

**A.   Wilson's Deliberate Intention Claim**

Although Wilson's complaint asserts a claim of deliberate intention under West Virginia law, see W.Va. Code § 23-4-2, the Federal Employees' Compensation Act ("FECA"), 5 U.S.C. § 8116(c), is the exclusive remedy for federal employees seeking compensation for covered injuries and disabilities sustained during their employment. In pertinent part FECA provides:

> The liability of the United States or an instrumentality thereof under [FECA] with respect to the injury or death of an employee is exclusive and instead of all other liability of the United States or the instrumentality to the employee ... because of the injury or death in a direct judicial proceeding, in a civil action, or in admiralty, or by an administrative or judicial proceeding under a workmen's compensation statute or under a Federal tort liability statute.

Accordingly, "[f]ederal employees' injuries that are compensable under FECA cannot be compensated under other federal remedial statutes...." Wallace v. United States, 669 F.2d 947, 951 (4th Cir. 1982) (noting that FECA was the exclusive remedy and plaintiff could therefore not recover under the Swine Flu Act); see Borneman

4

v. U.S., 213 F.3d 819, 829 n. 3 (4th Cir. 2000) (same with Westfall Act); Ezekiel v. Michel, 66 F.3d 894, 898 (7th Cir. 1995) (same with FTCA). Notably, there is no provision under FECA that allows an employee to sue for deliberate intention, or any other state law worker's compensation related claim, as a consequence of injuries suffered during federal employment.

FECA provides benefits for total or partial disability to compensate federal employees for lost wages and medical expenses due to job-related injuries. See 5 U.S.C. §§ 8105 et seq. FECA covers federal employees, including those who, like Wilson, are employed by the BOP. See id. § 8101(1). FECA's coverage is broad; benefits are paid for any injury sustained by the employee, unless the injury results from the employee's fraud, willful misconduct, intentional injury to herself, or intoxication. Id. §§ 8102(a), 8103.

The Court of Appeals for the Fourth Circuit has held that "[f]ederal employees' injuries that are compensable under FECA cannot be compensated under other federal remedial statutes . . . ." Wallace v. United States, 669 F.2d 947, 951 (4th Cir. 1982); see Borneman v. U.S., 213 F.3d 819, 829 n. 3 (4th Cir. 2000); Ezekiel v. Michel, 66 F.3d 894, 898 (7th Cir. 1995); Sowell v. American

5

Cyanamid Co., 888 F.2d 802, 805 (11th Cir. 1989).

Here, Wilson concedes that she was an employee of the BOP at all times relevant to her suit, and that her injuries occurred during the scope of her employment at USP Hazelton. Therefore, because Wilson may seek compensation for her injuries only under FECA, her deliberate intention claim fails as a matter of law.

**B. Wilson's Discrimination Claims**

The defendants next contend that Wilson's two discrimination claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because they are preempted by Title VII of the Civil Rights Act, she has failed to exhaust her administrative remedies, and has failed to adequately plead her discrimination claims.

*1.   Wilson's Discrimination Claims are Preempted by Title VII*

Title VII provides in pertinent part as follows:

> It shall be an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin . . . or to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

42 U.S.C. §§ 2000e-2(a). Although Title VII did not originally

apply to federal employees, Congress extended coverage to them when it enacted the Equal Employment Opportunity Act of 1972 ("EEOA"). See 42 U.S.C. § 2000e-16. Under the EEOA, all federal agencies, including the BOP, are subject to the prohibitions contained in Title VII. Id. Further, the EEOA established the Equal Opportunity Employment Commission ("EEOC") to oversee compliance with Title VII's mandates, and to provide an administrative procedure for aggrieved employees to pursue claims of Title VII violations. Id.

Finally, the EEOA provided a mechanism for aggrieved federal employees to seek review of their discrimination claims in federal court. Id. Nevertheless, the EEOA requires employees to exhaust all available administrative remedies prior to filing suit in federal court. Id. § 2000e-16(c); Brown v. GSA, 425 U.S. 820, 832 (1976); see also Loeffler v. Frank, 486 U.S. 549, 559 (1988) ("[The EEOA] permits an aggrieved employee to file a civil action in federal court, provided the employee has met certain requirements regarding exhaustion of administrative remedies.").

In Brown v. GSA, the Supreme Court of the United States concluded that Congress intended for Title VII to be the "exclusive, preemptive administrative and judicial scheme for the redress of federal employment discrimination," and, therefore, it

7

"provides the exclusive judicial remedy for claims of discrimination in federal employment." 425 U.S. at 829, 835; see also Bullock v. Napolitano, 666 F.3d 281, 283 (4th Cir. 2012) (citing Brown).

Here, Wilson brought her claim pursuant to the FTCA, not Title VII.[1] However, because the EEOA mandates that Title VII is the exclusive remedy for Wilson's allegations of discrimination, her FTCA claim is preempted.

### 2. *Wilson Failed to Exhaust her Administrative Remedies*

According to the defendants, even if Wilson had brought her claim under Title VII, that claim must be dismissed because she failed to exhaust her administrative remedies.

It is evident that "[a]n employee seeking redress for discrimination cannot file suit until she has exhausted the administrative process." Balas v. Huntington Ingalls Industries, Inc., 711 F.3d 401, 406 (4th Cir. 2013) (citing 42 U.S.C. § 2000e-5(b)); see also Chacko v. Patuxent Institution, 429 F.3d 505, 508

---

[1] Although the specific basis of Wilson's discrimination claims is not abundantly clear from the complaint, she indicates at the outset that she previously asserted an FTCA claim and, "has elected to file [the instant] Complaint rather than resubmit the claim to the Bureau of Prisons." (Dkt. No. 1 at 2-3). Accordingly, the Court construes her claims as pursuant to the FTCA.

(4th Cir. 2005) (citing Sloop v. Memorial Mission Hosp., Inc., 198 F.3d 147, 148 (4th Cir. 1999) ("It is axiomatic that a claimant under Title VII must exhaust his administrative remedies by raising his claim before the EEOC.").

As discussed above, the EEOC is the administrative body authorized to hear claims of Title VII violations, and an aggrieved employee must first submit to its procedures before filing suit in court. See 5 U.S.C. § 2000e (setting forth administrative remedies procedures); 29 CFR Part 1614 (same). Failure to exhaust administrative remedies is a jurisdictional bar. See Davis. V. N.C. Dept. of Corr., 48 F.3d 134, 137-40 (4th Cir. 1995) (noting that where "[n]either the complaint nor the amended complaint alleges that the plaintiff has complied with these prerequisites, the plaintiff has not properly invoked the court's jurisdiction under Title VII" (internal quotations omitted)).

It is undisputed that Wilson did not exhaust her administrative remedies. While her complaint acknowledges that, on an unknown date, she initiated a discrimination complaint with the EEOC (dkt. no. 1 at 6), Wilson alleges that, on April 9, 2013, Warden O'Brien "presented [her] with a document that forced her to withdraw[]" her EEOC complaint. Id. at 9. Her complaint infers that

she was pressured into signing the agreement in exchange for Warden O'Brien turning over the threat assessment that she had been seeking for some time. Id.

Regardless of her motivation to withdraw the claim, it is clear that Wilson failed to exhaust the administrative remedies available to her, and never attempted to re-initiate her claim through the EEOC. Consequently, this Court lacks jurisdiction to hear her Title VII claims.

### 3.  *Wilson's Discrimination Claims are Inadequately Pled*

Finally, the defendants maintain that Wilson has inadequately pled her discrimination claims under the burden shifting framework provided in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Under the McDonnell Douglas framework, individuals asserting Title VII claims bear the initial burden of persuasion to establish a prima facie case of discrimination. Id. at 802. Meeting this burden requires the complainant to provide evidence that:

> (1) he was a member of a protected class; (2) he was qualified for the job in question or was meeting his employer's legitimate performance expectations; (3) he suffered an adverse employment action; and (4) the employer treated similarly situated persons not in the protected class more favorably.

Johnson v. Zema Systems Corp., 170 F.3d 734, 742-43 (7th Cir. 1999). The complainant can meet his burden through direct evidence

of disparate treatment or through circumstantial evidence that creates an inference of discrimination. Id.; see also Int'l Brotherhood of Teamsters v. United States, 431 U.S. 324 (1977).

If the complainant successfully makes a prima facie showing, the burden then shifts to the employer "to articulate some legitimate, nondiscriminatory reason" for the challenged employment decision. McDonnell Douglas, 411 U.S. at 802. Should the employer meet this burden, it shifts back to the complainant, who "must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." Texas Dept. of Comm. Affairs v. Burdine, 450 U.S. 248, 253 (1981) (citing McDonnell Douglas, 411 U.S. at 804).

Here, Wilson's complaint fails to establish a prima facie case of discrimination. Although Wilson is Caucasian, she makes a conclusory claim that she suffered discrimination because she is married to an African-American. She thus does not claim that she was discriminated against because of her race, but rather because of the race of her husband. Not only does Wilson utterly fail to present any additional factual allegations in support of such a claim, there is no legal construct validating a discrimination

claim based on the race of one's spouse. Wilson therefore has failed to establish that she is a member of a protected racial class and, consequently, her race discrimination claim fails.

Although Wilson's gender discrimination claim clears the first hurdle of the McDonnell Douglas framework, it ultimately falls short. While Wilson alleges that she was "treated unfavorably in her job assignment, as well as the handling of threats made by Defendant Thomas, and the handling of the threat assessment," she has provided no factual support for these allegations, not even a description of what unfavorable job assignments she received, or how those assignments might have been discriminatorily based on her gender. Further, she has failed to demonstrate how other similarly situated male employees were treated differently. Such conclusory statements fail to satisfy Wilson's burden of establishing a prima facie case of discrimination. See Cifarelli v. Village of Babylon, 93 F.3d 47, 51 (2d Cir. 1996) (noting that "conclusory allegations" of discrimination are insufficient to survive a motion to dismiss).

Finally, although Wilson may have disagreed with the threat assessment, or the way in which it was handled, this does not rise to the level of an adverse employment decision. See James v. Booz-Allen & Hamilton, Inc., 368 F.3d 371, 375 (4th Cir. 2004)

(noting that "the existence of some adverse employment action is required"). Such occurs only when the employment action "adversely affect[s] the terms, conditions, or benefits of the plaintiff's employment." Id. Job assignments that are less appealing, or that do not negatively affect the employee's "compensation, job title, level of responsibility, or opportunity for promotion," do not suffice as adverse employment decisions. Id.; see also Holland v. Washington Homes, Inc., 487 F.3d 208, 219 (4th Cir. 2007). Her disagreement with the threat assessment notwithstanding, Wilson has failed to plead facts establishing that she was subject to an adverse employment decision. Consequently, she has failed to meet the second and third prongs of the McDonnell Douglas framework, and therefore has not established a prima facie case of gender discrimination.

**C.    Wilson's Punitive Damages Claim**

The defendants contend that Wilson is not entitled to an award of punitive damages under either FECA or Title VII. See 28 U.S.C. § 2674 ("The United States . . . shall not be liable for interest prior to judgment or for punitive damages."); 42 U.S.C. § 1981a(b)(1) ("A complaining party may recover punitive damages under this section against a respondent (other than a government, government agency or political subdivision) . . . ."). Because, as

a matter of law, the Court has concluded that Wilson's claims fail, it need not address whether punitive damages are appropriate.

### IV. CONCLUSION

In conclusion, the Court **GRANTS** the defendants' motion (dkt. no. 9) and **DISMISSES** the case **WITH PREJUDICE**.

It is so **ORDERED**.

The Court directs the Clerk to transmit copies of this Order to counsel of record and to enter a separate judgment order. It further directs the Clerk to remove this case from the Court's active docket.

DATED: March 31, 2016.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE
